PER CURIAM.
 

 We initially accepted jurisdiction to review the decision of the Third District Court of Appeal in
 
 Corey v. Corey,
 
 29 So.3d 315 (Fla. 3d DCA 2009), based on express and direct conflict with decisions of other district courts of appeal. The conflict issue under review is whether the Legislature’s enactment of section 61.121, Florida Statutes, abrogated the judicial presumption against rotating custody.
 
 [1]
 
 After further consideration of the issue involved, and in light of the Legislature’s repeal of section 61.121 and substantial revision to section 61.13, Florida Statutes, effective October 1, 2008,
 
 [2]
 
 we have determined that we should exercise our discretion and discharge jurisdiction. Accordingly, this review proceeding is dismissed.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . Section 61.121 was enacted on July 1, 1997, and provided that a court "may order rotating custody if the court finds that rotating custody will be in the best interest of the child.”
 
 See
 
 ch. 97-242, § 2, Laws of Fla.
 

 [2]
 

 .
 
 See
 
 ch. 2008-61, §§ 6, 8, Laws of Fla. In 2009, the Legislature further revised section 61.13(2)(c)(l) to provide that there is "no presumption for or against the father or mother of the child or for or against any specific time-sharing schedule when creating or modifying the parenting plan of the child.” Ch. 2009-180, § 3, Laws of Fla.